IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| STRATEGIC MANAGEMENT PARTNERS, LLC, agent of ASPEN WOODS APARTMENTS<br><br>Plaintiff,<br><br>v.<br><br>KENNETH KIELER and ANGELA TURNER,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>1:15-CV-04345-TWT-JFK |

## FINAL REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on Defendant Kenneth Kieler's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

AO 72A
(Rev.8/82)

## I. Background Facts

Plaintiff Strategic Management Partners, LLC, agent of Aspen Woods Apartments, owner of the real property commonly known as 3379 Flat Shoals Road, Apt. L4, Decatur, Georgia 30034, filed a dispossessory warrant in the Magistrate Court of DeKalb County, Georgia, on or about December 3, 2015, against Defendants Kenneth Kieler and Angela Turner for failure to pay rent which is now past due. [Doc. 1-2 ("Dispossessory Warrant")]. On December 15, 2015, Defendants filed a petition for removal. [Doc. 1-1 ("Removal")].

## II. Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal

2

cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendants base their petition for removal of Plaintiff's dispossessory petition on the court's federal question jurisdiction. [Removal]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff relied exclusively on state law when it filed a dispossessory action in the Magistrate Court of DeKalb County. [Dispossessory Warrant]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286

3

(March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added).  Defendants allege that removal is proper on the basis of federal question jurisdiction, and in the Petition for Removal, they claim that Plaintiff violated "15 USC 1692" (a reference to the Fair Debt Collection Practices Act) and that Plaintiff's dispossessory proceeding violates Defendants' rights under the due process clause of the fourteenth amendment to the United States Constitution. [Removal].  However, no federal question is presented on the face of Plaintiff's well-pleaded complaint. [Dispossessory Warrant].  There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption.  Caterpillar, 107 S. Ct. at 2430.

Furthermore, Defendants do not assert and there is no evidence that Defendants could establish jurisdiction based on diversity.  To do so, Defendants would have to show that there is complete diversity of citizenship between Defendants and Plaintiff and that the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332(a)(1). There is no evidence of diversity of citizenship.  And Plaintiff's dispossessory warrant seeks the ejectment of Defendants and all others from the property due to failure to

pay past due rent of $1,393.00 and rent accruing to the date of judgment or vacancy at a rate of $668.00 per month. [Dispossessory Warrant]. Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate. See Burns, 31 F.3d at 1095; Novastar, 173 F. Supp. 2d at 1361. The face of the complaint shows that the amount in controversy does not exceed the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal.

For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

### III. Conclusion

Accordingly, because Defendants failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County where it was last pending.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 17th day of December, 2015.

_/s/ Janet F. King_
JANET F. KING
UNITED STATES MAGISTRATE JUDGE